E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture Section
        1400 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-2426
        Facsimile: (213) 894-0142
        E-mail:  Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                  UNITED STATES DISTRICT COURT

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

                        WESTERN DIVISION

UNITED STATES OF AMERICA,           No. 2:22-cv-04950-SVW

            Plaintiff,

                 v.                 **STIPULATION FOR ENTRY OF A
                                    PROTECTIVE ORDER**

REAL PROPERTY LOCATED IN
LOS ANGELES, CALIFORNIA,

            Defendant.


        Plaintiff United States of America, by and through its counsel
of record, the United States Attorney for the Central District of
California and Assistant United States Attorney Dan G. Boyle, and
claimant Nazik Tunyan Family Trust, through Greta Akopyan as trustee
(the "Trust") and JP Morgan Chase Bank ("Chase," and collectively
with the Trust, "Claimants"), by and through their counsel of record
(collectively the "Parties"), request that the Court enter the

proposed protective order (the "Protective Order") lodged
contemporaneously herewith.

Introduction and Grounds for Protective Order

1.    The Parties believe that a protective order is necessary
because the government intends to produce to Claimants discovery
materials containing the PII of third parties.  The government
believes that disclosure of this information without limitation risks
the privacy and security of the information's legitimate owners.
Because the government has an ongoing obligation to protect third
parties' PII, it cannot produce unredacted discovery containing this
information in the absence of a Protective Order.  If the government
were to attempt to redact the information in compliance with Federal
Rule of Civil Procedure 5.2, the Central District of California's
Local Rules regarding redaction, and the Privacy Policy of the United
States Judicial Conference, the Claimants would receive a set of
discovery that could be confusing and difficult to understand, and it
could be challenging for Claimants' counsel to adequately evaluate
the case, provide advice to Claimants, or prepare for trial.

2.    The proposed order is also necessary so that the government
may produce to Claimants discovery materials containing or
cooperating witnesses who participated in the government's continuing
investigation regarding certain defendants' flight in United States
v. Ayvazyan, C.D.Cal Case No. 20-cr-579.  Because these materials
could be used to identify cooperating witnesses, the government
believes that the unauthorized dissemination or distribution of the
materials may compromise the ability of such persons to participate

effectively in future investigations and/or may expose him/her to potential safety risks.

3. The purpose of the Protective Order is to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the Claimants with sufficient information to adequately represent Claimants.

Definitions

4. The parties agree to the following definitions:

1. "PII Materials" means any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

2. "CW Materials" includes any information relating to a cooperating witness's prior history of cooperation with law enforcement, prior criminal history, statements, or any other information that could be used to identify a cooperating witness, such as a name, image, address, date of birth, or unique personal identification number, such as a Social Security number, driver's license number, account number, or telephone number

3. "Confidential Information" refers to any document or information containing PII Materials or CW Materials, that the government produces to Claimants' counsel pursuant to this Protective Order, and any copies thereof.

4. "Claimant Team" includes (1) Claimants' counsel of record ("Claimants' counsel"); (2) Claimants; (3) other attorneys at Claimants' counsel's law firm who may be consulted regarding case

3

strategy in this case; (4) investigators who are assisting Claimant's counsel with this case; (5) retained experts or potential experts; and (6) paralegals, legal assistants, and other support staff to Claimant's counsel who are providing assistance on this case.

5.    With respect to Claimant Nazik Tunyan Family Trust specially, the Claimant Team applies only to Greta Akopyan, the present Trustee through which Claimant has appeared in this action, and not to any settlors, beneficiaries, advisors, consultants, or prior trustees, absent a prior order of this Court.

Terms of the Protective Order

5.    The parties jointly request that the Court enter the Protective Order, which will permit the government to produce Confidential Information in a manner that preserves the privacy and security of third parties.  The parties agree that the following conditions in the Protective Order will serve these interests:

1.    The government is authorized to provide Claimants' counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.  The government may also redact any PII contained in the production of Confidential Information.

2.    If Claimants object to a designation that material contains Confidential Information, the parties shall meet and confer. If the parties cannot reach an agreement regarding any Claimant's

4

objection, such Claimant may apply to the Court to have the designation removed.

3.    The Claimant Team agrees to use the Confidential Information solely to prepare for any pretrial motions, settlement negotiations and trial in this case, as well as any appellate proceedings related to this case.

4.    The Claimant Team shall not permit anyone other than members of the Claimant Team (as defined above) to access or have possession of Confidential Information while outside the presence of the Claimant Team.

5.    The Claimant Team may review Confidential Information with a witness or potential witness in this case.  A member of the Claimant Team must be present if PII Materials are being shown to a witness or potential witness. Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order, and such Claimant shall notify all other that such a witness has agreed to be bound.  No member of the Claimant Team shall permit a witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

6.    The Claimant Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Claimant Team, Claimants, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than

members of the Claimant Team, Claimant, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Claimant Team's offices, homes, vehicles, or personal presence.

7. To the extent that any Claimant, the Claimant Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Claimant Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

8. The Claimant Team shall use Confidential Information only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by either party. In the event that a party needs to file Confidential Information with the Court or divulge the contents of Confidential Information in court filings, the filing should be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact any PII Materials and make all reasonable attempts to limit the divulging of PII Materials.

9. The parties agree that any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms the Protective

Order.  If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify Claimant's counsel of the error.  The Claimant Team shall take immediate steps to destroy the unmarked material, including any copies.

10.  Confidential Information shall not be used by any Claimant or the Claimant Team, in any way, in any other matter, absent an order by this Court.  All materials designated subject to the Protective Order maintained in the Claimant Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court.  Upon request by the government, Claiamants' counsel shall return all Confidential Information, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

11.  In the event that there is a substitution of counsel prior to when such documents must be returned, any new Claimants' counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned Claimant's counsel transfers any Confidential Information to the new Claimant's counsel.  New Claimant's counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case.  New Claimant's counsel then will become the Claimant Team's custodian of materials designated subject to the Protective Order and shall then become

responsible for returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all PII Materials.

12. Claimants' counsel agrees to advise Claimants and all members of the Claimant Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing Claimant and members of the Claimant Team with access to any materials subject to the Protective Order.

13. Claimants' counsel has conferred with Claimants regarding this stipulation and the proposed order thereon, and Claimants each agree to the terms of the proposed order.

14. Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

IT IS SO STIPULATED.


DATED: October 24, 2022          E. MARTIN ESTRADA
                                 United States Attorney
                                 SCOTT M. GARRINGER
                                 Assistant United States Attorney
                                 Chief, Criminal Division
                                 JONATHAN GALATZAN
                                 Assistant United States Attorney
                                 Chief, Asset Forfeiture Section

                                 /s/ Dan G. Boyle
                                 DAN G. BOYLE
                                 Assistant United States Attorney
                                 Asset Forfeiture Section

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

DATED: October 24, 2022          */s/ (e-mail authorization 10-24-22)*
                                 JERRY KAPLAN, ESQ.

                                 Attorney for Claimant
                                 NAZIK TUNYAN FAMILY TRUST


DATED: October 24, 2022          */s/ (e-mail authorization 10-24-22)*
                                 BRIAN NEWMAN, ESQ.

                                 Attorneys for Claimant
                                 JPMORGAN CHASE BANK