UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　　v.<br><br>REAL PROPERTY LOCATED IN<br>LOS ANGELES, CALIFORNIA,<br><br>　　　　Defendant. | No. 2:22-cv-04950-SVW<br><br>**[PROPOSED] PROTECTIVE ORDER** |

　　　The Court has read and considered the parties' Stipulation for a Protective Order Regarding Discovery filed by the plaintiff United States of America and claimants Nazik Tunyan Family Trust, through Greta Akopyan as trustee, and JP Morgan Chase Bank ("Claimants") in this matter on October 24, 2022, which this Court incorporates by reference into this order, and FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as follows:

　　　1.　A protective order is necessary so that the government may produce to Claimants discovery materials containing the PII of third parties and cooperating witnesses.  The Court finds that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners.  Because the government has

an ongoing obligation to protect such information, the government cannot produce unredacted discovery containing this information in the absence of a Protective Order. If the government were to attempt to redact all this information in compliance with Federal Rule of Civil Procedure 5.2, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, Claimants would receive a set of discovery that likely would be confusing and difficult to understand, and it would be challenging for Claimants' counsel to adequately evaluate the case, provide advice to Claimants, or prepare for trial.

2. In addition, a proposed order is also necessary so that the government may produce to Claimants discovery materials containing or cooperating witnesses who participated in the government's continuing investigation regarding certain defendants' flight in <u>United States v. Ayvazyan</u>, C.D.Cal Case No. 20-cr-579. Because these materials could be used to identify cooperating witnesses, unauthorized dissemination or distribution of the materials may compromise the ability of such persons to participate effectively in future investigations and/or may expose him/her to potential safety risks.

3. The purpose of this Protective Order is to (a) allow the government to comply with its discovery obligations while protecting sensitive information from unauthorized dissemination, and (b) provide Claimants with sufficient information to adequately represent themselves in this proceeding.

4. Accordingly, the discovery that the government will provide to Claimants' counsel in the above-captioned case shall be subject to this Protective Order, as follows:

   a. As used herein, "PII Materials" means any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

   b. "CW Materials" includes any information relating to a cooperating witness's prior history of cooperation with law enforcement, prior criminal history, statements, or any other information that could be used to identify a cooperating witness, such as a name, image, address, date of birth, or unique personal identification number, such as a Social Security number, driver's license number, account number, or telephone number

   c. "Confidential Information" refers to any document or information containing PII Materials or CW Materials that the government produces to Claimants pursuant to this Protective Order and any copies thereof.

   d. "Claimant Team" includes (1) Claimants' counsel of record ("Claimants' counsel"); (2) Claimants; (3) other attorneys at Claimants' counsel's law firm who may be consulted regarding case strategy in this case; (4) investigators who are assisting any Claimant's counsel with this case; (5) retained experts or potential experts; and (6) paralegals, legal assistants, and other support staff to Claimants' counsel who are providing assistance on this case.

   e. With respect to Claimant Nazik Tunyan Family Trust specially, the Claimant Team applies only to the present Trustee through which Claimant has appeared in this action, Greta Akopyan,

3

and not to any settlors, beneficiaries, advisors, consultants, or prior trustees, without a prior order of this Court.

  f. The government is authorized to provide Claimants' counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.  The government may also redact any PII contained in the production of Confidential Information.

  g. If any Claimant objects to a designation that material contains Confidential Information, the parties shall meet and confer.  If the parties cannot reach an agreement regarding such Claimant's objection, such Claimant may apply to this Court to have the designation removed.

  h. Claimants and the Claimant Team shall use the Confidential Information solely to prepare for any pretrial motions, settlement negotiations, and trial in this case, as well as any appellate proceedings.

  i. The Claimant Team shall not permit anyone other than the Claimant Team to have possession of Confidential Information while outside the presence of the Claimant Team.

  j. The Claimant Team may review Confidential Information with a witness or potential witness in this case.  A member of the Claimant Team must be present if Confidential Information is shown to a witness or potential witness. Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the

requirements of the Protective Order, and such Claimant shall notify all other that such a witness has agreed to be bound.  No member of the Claimant Team shall permit a witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

      k.    The Claimant Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Claimant Team, Claimants, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Claimant Team, Claimants, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Claimant Team's offices, homes, vehicles, or personal presence.

      l.    To the extent that Claimants, the Claimant Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Claimant Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

      m.    The Claimant Team shall use Confidential Information only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by Claimant and any motion filed by a Claimant pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Confidential Information with the Court or divulge the contents of Confidential Information in court

filings, the filing should be made under seal.  If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact any Confidential Information and make all reasonable attempts to limit the divulging of Confidential Information.

   n. Any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of this Protective Order.  If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify Claimants' counsel of the error.  The Claimant Team shall take immediate steps to destroy the unmarked material, including any copies.

   o. Confidential Information shall not be used by any member of the Claimant Team, in any way, in any other matter, absent an order by this Court.  All materials designated subject to the Protective Order maintained in the Claimant Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court.  Upon request by the government, Claimants' counsel shall return all Confidential Information, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

        p.   In the event that there is a substitution of counsel prior to when such documents must be returned, new Claimant's counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before withdrawing Claimant's counsel transfers any Confidential Information to the new Claimant's counsel.  New Claimant's counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case.  New Claimant's counsel then will become the Claimant Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all Confidential Information.

//

//

//

q.  Claimant's counsel shall advise Claimant and all members of the Claimant Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing Claimant and members of the Claimant Team with access to any materials subject to the Protective Order.

IT IS SO ORDERED.

Dated:

THE HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

 /s/
DAN G. BOYLE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA