1   JERRY KAPLAN,. Esq.  CA Bar# 49142
    Kaplan, Kenegos & Kadin
2   9150 Wilshire Boulevard
    Suite 175
3   Beverly Hills, CA 90212
    Phone:(310) 859-7700
4   Facsimile: (310) 859-7770
    Email: office@3klaw.com
5

6
    Attorneys for Claimant NAZIK TUNYAN FAMILY TRUST
7

8                **UNITED STATES DISTRICT COURT**

9            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10                      **WESTERN DIVISON**

11

12  UNITED STATES OF AMERICA,          Case No.: 22-CV-04950-SVC

13                                     OPPOSITION TO NOTICE OF
          Plaintiff                    MOTION TO STRIKE CLAIMS
14                                     PURSUANT TO RULE G(8)(c) OF
                                       THE SUPPLEMENTAL RULES
15  v.                                 FOR ADMIRALTY OR MARITIME
                                       CLAIMS AND ASSET
16                                     FORFEITURE ACTIONS;
    REAL PROPERTY LOCATED IN LOS       MEMORANDUM OF
17  ANGELES CALIFORNIA,                POINTS AND AUTHOTIES;
                                       DECLARATIONS OF GRETA
18                                     AKOPYAN AND ANGELINA
          Defendant.                   AYVAZYAN
19
    THE NAZIK TUNYAN FAMILY            Hearing Date: December 5, 2022
20  TRUST,                             Location: Courtroom of
                                       Hon. Stephen    R. Wilson
21
          Claimant.
22

23

24       Before this Court is the government's Motion challenging the claimant's

25  standing to intervene in the Complaint for Forfeiture. Period.

26       The government's Motion is more properly directed to the <u>validity</u> of the

27  Trust's claim, which is a trial issue, rather than whether the Trust has a colorable

28

                                      1
    **CLAIMANT GRETA AKOPYAN, Trustee of the NAZIK TUNYAN FAMILY TRUST**
              **OPPOSITION TO MOTION FOR FORFEITURE**

1    claim to intervene, which is only what is actually before this Court.

2    THE NAZIK TUNYAN FAMILY TRUST (hereinafter referred to as "The

3    Trust") is the intervenor-Claimant, and hereby files this Opposition to the Motion

4    of the United States of America (hereinafter "the Government") to Strike the

5    Trust's claims against the compliant seeking forfeiture of that certain real

6    property commonly known as 17460 Weddington Street, Encino, CA.

7    It is paramount to this Opposition (and the claim) that the NAZIK

8    TUNYAN FAMILY TRUST is now an **irrevocable trust** as a result of the death

9    of the Trustor. This is a significant fact because now the named beneficiaries

10   have an actual legal, and beneficial, ownership interest in the property of the

11   trust, in particular, their home which is the subject of the forfeiture complaint and

12   would suffer actual, as opposed to hypothetical harm, were a forfeiture to occur.

13   The express language of the trust states, "Upon the death of the Grantor,

14   the Trustee shall hold, administer and dispose of the Trust Estate as follows:..To

15   grant the following property , in whole,…100% to Angelina Ayvazyan." [Trust,

16   Exhibit A, Article 4, page 14.]

17   Angelina Ayvazyan now has an actual stake in the outcome of the

18   Forfeiture Complaint and would suffer immediate and irrevocable harm should

19   the forfeiture occur. This, alone, establishes the "colorable claim" which is all

20   that is necessary to defeat the Motion.

21   The Trust was formed in September of 2014. The Motion (and Complaint

22   for Forfeiture) seek to bootstrap the criminal conduct of Tamara Dadyan onto the

23   Trust and the beneficiary thereof. This is legally and ethically unsupportable

24   The Trustor (creator of the Trust) NAZIK TUNYAN, lived at the subject

25   property for the entire existence of the Trust, until her death.

26   The beneficiary of the Trust has lived at the subject property most, if not

27   all, of her life.

28

**CLAIMANT GRETA AKOPYAN, Trustee of the NAZIK TUNYAN FAMILY TRUST**
**OPPOSITION TO MOTION FOR FORFEITURE**

1    The subject property was deeded to the named Trustee of the Trust (as in

2  all conveyances of real property to a trust); as Trustee, dominion and control are

3  one of the statutory legal and fiduciary duties of the Trustee.

4    Regardless of whether any of the government's allegations in the Motion

5  concerning criminal activity committed by non-party Tamara Dadyan are true, it

6  is undisputed that intervenor-claimant Greta Akopyan, Trustee of the Nazik

7  Tunyan Family Trust, which is now an irrevocable trust, has a direct if not

8  colorable claim and legal and statutory fiduciary duty to assert a claim to the

9  subject property over which it has, and continues to, exercise dominion and

10  control, in order to protect the owner of the subject property she becomes

11  eighteen (18) years of age, from the immediate and irrevocable harm a forfeiture

12  would cause.

13    This Opposition is based on the fact that the Motion lacks legal and factual

14  merit and that the Motion fails to make a *prima facie* showing as required[1] as a

15  matter of law,  Rule G(8) of the Supplemental Rules for Admiralty or Maritime

16  Claims and Asset Forfeiture.

17    This Opposition is based on the attached Memorandum of Points and

18  Authorities, the Declarations of  Greta Akopyan and Angelina Ayvazyan, and on

19  such other and further evidence as may be adduced at the hearing hereof.

20

21  DATED: 11/14/2022            KAPLAN, KENEGOS & KADIN, by:

22

23                                JERRY KAPLAN, Esq.

24                     Attorneys for GRETA AKOPYAN, Trustee of the NAZIK TUNYAN FAMILY TRUST

25

26  [1] The Motion does not address the right of the Trustee to make a claim;

27  rather, it is attempting to try the validity of the claim which is not before
     the court and which is an issue for a jury to decide.

28

**CLAIMANT GRETA AKOPYAN, Trustee of the NAZIK TUNYAN FAMILY TRUST
OPPOSITION TO MOTION FOR FORFEITURE**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      UNDISPUTED FACTS

The following are undisputed facts:

a.      The Plaintiff in the Verified Complaint for Forfeiture is the United States of America (hereinafter referred to as 'the "government"); [Doc 1, Page ID #1]

b.      The Complaint was answered by GRETA AKOPYAN (hereinafter referred to as "Trustee" or "Akopyan"), the Trustee of the NAZIK TUNYAN FAMILY TRUST (hereinafter referred to as "the Trust" or "the Subject Trust"); [DOC 19, PAGE ID: 64]

c.      The Trust was executed by the Grantor/Trustor,  NAZIK TUNYAN, on September 25, 2014; [Trust, Exhibit "A", page 1]  The trust was initially a revocable family trust but when Tunyan died in 2015 it became irrevocable. California Probate Code §16061.7.

d.      The Grantor/Trustor (Nazik Tunyan) appointed GEGHETSIK GEVORGYAN ("hereinafter referred to as "Gevorgyan") as the initial Trustee of the Trust; [Trust, Exhibit A, page 1] who held dominion and control over the Subject Property as the Trustee of the Trust until he resigned as trustee.

e.      NATALIE AYVAZYAN is named in the Trust as the first Successor Trustee and ANGELINA AYVAZYAN as the second successor Trustee. [Trust, Exhibit A, page 11].

f.      The  sole asset of the Trust was set forth in Attachment A to the Trust consisted of that certain real property commonly known as 17450 Weddington Street, Encino, CA 91316, Assessor's Parcel Number 2257-001-009, which is the same real property which the government seeks to effect a forfeiture; [Trust, Exhibit A, Attachment A, page 30; Verified Complaint for Forfeiture, DOC 1, Page ID #1]. ].

g.      When GEGHETSIK GEVORGYAN, resigned as Trustee, the named

4

**CLAIMANT GRETA AKOPYAN, Trustee of the NAZIK TUNYAN FAMILY TRUST OPPOSITION TO MOTION FOR FORFEITURE**

1   successor trustees of the Subject Trust were both minors. By the terms of the

2   Trust, GRETA AKOPYAN was appointed to act as the successor trustee, who

3   filed an Affidavit – Change of Trustee pursuant to California Probate Code

4   Section 18105 on August 16, 2022; [Affidavit – Change of Trustee, Exhibit "B",

5   page 32; Appointment of Successor Trustee of Nazik Tunyan Family Trust,

6   Exhibit C, page 35 replacing Gevorgyan]. [Trust, Exhibit A, Article 13, page

7   23.] Upon the death of Nazik Tunyan, the Trust became irrevocable. [Trust,

8   Exhibit 1, page 13.]

9         h.    GRETA AKOPYAN is the grandmother of the named successor

10  trustees and of the named sole beneficiary Angelina Ayvazyan. Akopyan holds

11  title to the Subject Property as Trustee of the Trust but holds no individual

12  ownership interest. Akopyan has a fiduciary duty to manage, control and

13  disperse the assets of the Trust pursuant to the terms of the Trust agreement and

14  to convey the subject property to Angelina Ayvazyan as soon as she reaches the

    age of majority. [Trust, Exhibit 1, page 13.].

15        i.    The sole beneficiary of the Trust, Angelina Ayvazyan who was 8

16  years of age at the time of the execution of the Trust has resided in the subject

17  property since at least 2014. [Declaration of Greta Akopyan; Declaration of

18  Angelina Ayvazyan]. Prior to the death of the trustor, Angelina Ayvazyan had

19  both an equitable and beneficial interest in the Subject Property; however, upon

20  the death of the trustor, Angelina Ayvazyan has an actual legal ownership

21  interest in the subject property and would suffer actual and irreparable harm were

22  the forfeiture to proceed. This fact alone establishes a colorable interest in the

23  subject property sufficient to support the claim at issue.

24        j.    The Trust through the Trustee Greta Akopyan, timely filed a Claim

25  and Verified Answer to the Verified Complaint for Forfeiture.

26        The above facts are undisputed. The above facts are corroborated by

27  admissible and incontrovertible evidence. The above facts were known by the

28

**CLAIMANT GRETA AKOPYAN, Trustee of the NAZIK TUNYAN FAMILY TRUST**
**OPPOSITION TO MOTION FOR FORFEITURE**

government when it filed the instant Motion. The undisputed facts clearly demonstrate that dominion and control of the subject property has not been in the control of anyone other than a properly, legally named trustee of the Trust. This remains the status as of the date of this Opposition. As such, the government has not met its *prima facie* burden.

## I.

## CLAIMANT HAS DEMONSTRATED, AS A MATTER OF LAW, AND BY WELL MORE THAN A PREPONDERANCE OF THE EVIDENCE, IT HAS STANDING TO CHALLENGE THE FORFEITURE COMPLAINT

Article III standing must be determined as a threshold matter in every federal case.  State of Nevada v. Burford, 918 F.2d 852, 856 (9th Cir. 1990)

In a forfeiture action, this determination turns upon whether the claimant has a sufficient interest in the property to create a case or controversy.  United States v. One Lincvoln Navigator 1988, 328 F.3d 1011, 1013 (8th Cir. 2003).

The claimant's burden under Article III is not a heavy one; the claimant need demonstrate only a colorable interest in the **property**, for example, by showing actual possession, control, title, or financial stake. *Id.* **Ownership interest is determined under the law of the state in which the interest arose**—here, the controlling law is California law. *See id.;*  Ranch Located in Young, AZ, 50 F.3d 630, 632 (9th Cir. 1995; and see United States v 1908 Lear Jet, Model 35A, Serial No. 277, 38 F.3d 398, 402 (9th Cir. 1994). .

A Trustee has standing to file a claim in a civil forfeiture and to have standing to challenge the forfeiture, the Trust must allege an ownership or other interest in the forfeited property. *See United States v.* $191,910.00 in U.S. Currency, 16 F.3d 1051, 1057 (9th Cir.1994)

In the instant case, the Trust, by and through the Trustee, Greta Akopyan, has asserted a claim (interest) in the property at issue for and on behalf of the

**CLAIMANT GRETA AKOPYAN, Trustee of the NAZIK TUNYAN FAMILY TRUST OPPOSITION TO MOTION FOR FORFEITURE**

1  actual owner of the subject property, the beneficiary Angelina Ayvazyan.
2  According to the terms of the Trust, now that the Trustor has passed, upon
3  reaching the age of majority at which time she may hold title to real property, the
4  Trust has the fiduciary duty to protect and assert the interests of the owner of the
5  subject property.

6      Under California law, the "form of title" presumption as stated in the
7  description in a deed as to how title is held is presumed to reflect the actual
8  ownership interests in the property. Cal. Evid. Code § 662. In the instant case,
9  "form of title" of the subject property is undisputedly held in the name of Greta
   Akopyan as Trustee of the Nazik Tunyan Family Trust (not as an individual).
10 See, for example, Carne v. Worthington, 246 Cal.App.4th 548 (2016).
11     Congress has indicated the term, "owner" in 21 U.S.C. §881 should be
12 broadly construed to include "any person with a recognizable legal or equitable
13 interest in the property… to be forfeited."
14     The 11th District Court Order "cited" by movants in "support" of their
15 Motion is factually disparate and completely irrelevant to the instant case.
16     Claimant in the instant matter has completely established Title III standing
17 and the Motion must be denied.
18
19
20                                    II.
21          NOTWITHSTANDING THE ESTABLISHMENT
22         OF TITLE III STANDING AS A MATTER OF LAW
23              CLAIMANT REPSONDS TO THE
24           IRRELEVANT ARGUMENTS OF MOVANT
25       IN ORDER OF PRESENTATION IN THE MOTION
26     A claim has been filed challenging the Complaint for Forfeiture of the
27 Subject Property. Assuming the government has made the requisite *prima facie*
28

                                    7

1   showing, the burden then shifts to claimant to establish Article III standing.

2   Period. The validity of the claim is, at this point, irrelevant.

3       The government finds some relevance to the fact that Gevorgyan was

4   trustee from September of 2014 until August of 2022, until "within days of the

5   government filing the [forfeiture] Complaint in this action" when the current

6   trustee, Akopyan, was <u>appointed</u> successor trustee. This argument is completely

7   irrelevant. The fact of the matter is that the Trust is valid; was created in 2014;

8   has been in existence continuously since then and the trustees have exercised

9   dominion and control over the subject property since 2004.

10      Also, as noted before, while the Trust was initially a "revocable family

11  trust", upon the death of the Trustor in 2015, the trust became irrevocable.

    California Probate Code §16061.7.

12      The government claims the trustee is a "nominee" for Dadyan. In fact, this

13  is not true. The initial Trustee, Gevorgyan, was appointed by the Trustor, Nazik

14  Tunyan.  Dadyan had no involvement in "nominating" anyone as regards to the

15  Trust at issue and no evidence to the contrary has been produced.

16      Next, the government claims that the Trustee did not pay any consideration

17  for the property. No trustee pays a trustor who conveys real or personal property

18  to a trust or  trustee for any such conveyance.

19      Third, the government speculates that because <u>copies</u> of title documents

20  for the Subject Property and IRS tax documents addressed to Gevorgyan were

21  found in Dadyan's office, that this somehow establishes a lack of a legitimate

22  reason for such documents to be in Dadyan's office. This conjecture is part of the

23  completely inadmissible hearsay laden declaration of Geffrey Clark filed by the

24  government in "support" of their Motion.

25      The fourth argument is pure bootstrapping, claiming that because

26  "someone" [sic] using the Gevorgyan identity while Gevorgyan was the Trustee

27  of the Trust, obtained a $1,875,000 loan on the subject property through a false

28

**CLAIMANT GRETA AKOPYAN, Trustee of the NAZIK TUNYAN FAMILY TRUST**
**OPPOSITION TO MOTION FOR FORFEITURE**

loan application identifying Gevorgyan as a manager of Fiber One Media (which was an entity used by Dadyan and her co-conspirators to commit the fraud underlying the criminal action) that this somehow invalidates the Trust's Article II standing. [Motion, page 13] This is, however, completely irrelevant as to whether Article III standing has been established by the intervenor-Claimant as a matter of law.

Finally, the fifth argument is that Akopyan "admitted that Dadyan was the true owner of the Weddington Property and that her [Akopyan] name was "merely a name on paper." This supposed admission is part of Exhibit 7 to the inadmissible Geffrey Clark declaration[2]. Exhibit 7 is an unsupported, unauthenticated hearsay (double and triple hearsay) document that purports to be a transcript of an illegally recorded telephone conversation between a bond agent, through an interpreter, and Akopyan. There is no indication that Akopyan gave permission for the recording, or even knew or was told, that the conversation was being recorded. Under California law, all parties to a telephone conversation must agree to be recorded. California Penal Code §632.

While federal law permits recording telephone calls and in-person conversations with the consent of at least one of the parties (18 U.S.C. 2511(2)(d)) none of the evidentiary objections are waived (such as hearsay, foundation, speculation, etc.)

More disturbing is Mr. Clark's admission that this was an illegal recording. Mr. Clark claims to be a Special Agent with the Internal Revenue Service – Criminal Investigations unit, which is a federal agency. Under the circumstances, even he felt the recording was illegal. This is undoubtedly because the recording did not involve a federal issue but a "bond issue" undoubtedly related to state

---

[2] The Declaration of Geffrey Clark is full of hearsay, double and triple hearsay, is not from personal knowledge and lacks sufficient foundation and is completely irrelevant to the Article III standing issue.

**CLAIMANT GRETA AKOPYAN, Trustee of the NAZIK TUNYAN FAMILY TRUST**
**OPPOSITION TO MOTION FOR FORFEITURE**

court proceedings. Thus, state law on illegal telephonic records would control.

The government cites to a district court case "holding", <u>United States v</u> <u>Approximately $417,148.06 et al.</u>, Case No. S-99-cv-2456-MLS (E.D.Cal. April 4, 2002) which is inappropriate as it is only an order of a district court in the Eastern District of California and has no precedential or binding authority over any other case, whether in the same District, or any other District. And, in any event, it is irrelevant.[3]

Even more questionable is the government's citation to <u>One 1990</u> <u>Beechcraft</u>, 619 F.3d. 1275 (11th Cir. 2010) as "support" for their argument that the Trust at issue cannot show Article III standing.

In <u>One Beechcraft</u>, the government sought forfeiture of an airplane used to smuggle cocaine. The facts of the criminal drug case of <u>One Beechcraft</u> are completely different than those in the instant case. The <u>One Beechcraft</u> case is inapplicable here, demonstrating why simply reading headnotes is insufficient to cite a case in support of a "legal" argument.

**CONCLUSION**

Assuming, arguendo, that the government has made a *prima facice* showing, the burden then shifts to the claimant to establish Article III standing.

As demonstrated above, the claimant has more than met its burden and has established <u>at the very least</u>, colorable interest in the property, by showing actual possession, dominion and control, as well as legal title, as Trustee of the Trust, over the Subject Property sought to be forfeited by the government.

Therefore, claimant respectfully requests this Court deny the motion as to claimant GRETA AKOPYAN, trustee of the NAZIK TUNYAN FAMILY TRUST.

---

[3] The Order "cited" involved a summary judgment motion, with significant factual disparity with the instant case.

**CLAIMANT GRETA AKOPYAN, Trustee of the NAZIK TUNYAN FAMILY TRUST**
**OPPOSITION TO MOTION FOR FORFEITURE**

DATED:11/14/2022                    KAPLAN, KENEGOS & KADIN, by:

_____

JERRY KAPLAN, Esq.
Attorneys for Claimant GRETA
AKOPYAN, Trustee of the NAZIK
TUNYAN FAMILY TRUST

11
**CLAIMANT GRETA AKOPYAN, Trustee of the NAZIK TUNYAN FAMILY TRUST**
**OPPOSITION TO MOTION FOR FORFEITURE**

# EXHIBIT A

# NAZIK TUNYAN FAMILY TRUST

This Revocable Living Trust dated 25 Day of September 2014, by and between:

**GRANTOR**

Nazik Tunyan with a mailing address of **17460 Weddington Street, Encino CA 91316**(referred to as the "Grantor,") and

**TRUSTEE**

**Geghetsik Gevorgyan** _____(referred to as the"Trustee,")

The Trustee agrees to hold any property transferred to this Trust, from whatever source, in trust under the following terms:

**Article 1.** <u>Name of the Trust</u>: This Trust shall be known as the "**NAZIK TUNYAN FAMILY TRUST** " hereinafter known as the "Trust" is not an amendment to a prior Living Trust.

**Article 2**. <u>Transfer of Property</u>: The Grantor transferred to the Trust Estate and assets described in Attachment A which is attached and incorporated into the Trust on the date of the recording of the Grant Deed transferring said property.

The Grantor, along with any other individual, may transfer property to the ownership of the Trust. Property may be added to the Trust by writing in Attachment A, by attached receipt, or by placing the property under the ownership of the Trust.

Attachment A is for reference only, and any property transferred to the Trust formally or informally, but not listed on Attachment A, is also part of the Trust. All property transferred to the Trust formally or informally, together with the investments and reinvestments, as well as any income earned is sometimes collectively referred to herein as the "Trust Estate". All property transferred to or deposited with the Trustee shall be held by it in trust for the uses and purposes stated herein.

**Article 3**. Life of the Grantor: During the life of the Grantor, the Trustee shall hold, manage, and administer the Trust Estate and at the Grantor's request, dispose of the net income and principal. In the absence of any such request, the Trustee may pay to the benefit of the Grantor any part of the net income and principal as the Trustee deemsadvisable, with full power to accumulate any income not paid and to hold such income and property for later use. In the event of the Grantor becomes incapacitated, the Trustee is authorized to use any part or all of the net income and principal for the benefitof the Grantor as the Trustee deems advisable, with full power to accumulate any income not paid and to hold for future use or to add to the principal.

**Article 4**. Death of the Grantor: Upon the death of the Grantor, except as otherwise set forth below, the Trustee shall hold, administer and dispose of the Trust Estate as follows:

Specific Distributions: To grant the following property, in whole, to the specified individuals or organizations:

100% to **Angelina Ayvazyan**

A. Personal Property. All personal property including but not limited to: furniture, jewelry, clothing, motor vehicles, equipment, and any other tangible assets shall

be transferred to: (Choose One)

X - The Beneficiary

B. <u>Pet Trust</u>. If there are any pets owned by the Grantor a Trust for Pets shall be created at the time of the Grantor's death or incapacity appointing _____of _____ (referred to as the "Pet Caretaker") as the Pet Caretaker effective immediately. If the Pet Caretaker is unable to perform their duties by giving the Grantor's pet(s)care needed then_____of _____shall possess the caretaking rights of the pet(s) (referred to as the "Alternate Pet Caretaker"). If the Pet Caretaker and Alternate Pet Caretaker are unable to care for the pet(s) then an individual or organization may be selected by the Trustee for the caretaking rights of the pet(s).

    i.    <u>Care of Pet(s)</u>. Care of the pet(s) shall include, but not be limited to,providing food, veterinary care (as needed), insurance, temporary boarding, medication, cleanliness, and any other care as needed for proper everyday well-being of the pet(s).

    ii.    <u>Funding</u>. The Grantor(s) shall set aside (Choose One)

    ☐ - $_____(_____US Dollars) in trust for the Pet Caretaker. The sole purpose of the funds is for providing care for the pet(s). If the Pet Caretaker does not take possession and provide the necessary care for the pet(s) for at

least____ ☐ Months ☐ Years then the funds shall be rescinded and

given to the individual or organization that possesses

thecaretaking rights of the pet(s).

☐ - No Funding.

    iii.    3rd Party Enforcement. At any time during the lifetime of the pet(s)

_____of

_____(referred to as the "3rd Party

Enforcer") may intervene to request an accounting for the funds

allocated in the Trust for Pets. An accounting may not be

requestedmore than once per year. In addition, from time to time

the 3rd PartyEnforcer may inspect the caretaking of the pet(s) to

ensure appropriate care is being provided.

C. <u>Residuary Property</u>. The Trustee shall divide the principal and any undistributed

income along with any property not specifically distributed into equal shares to

bedistributed equally among the following individuals and/or organizations:

**Beneficiary #1**

Name: **NAZIK TUNYAN**

Address: **17450 Weddington Street, Encino, CA 91316**

E. <u>Failure of All Beneficiaries</u>: In the event of the failure of all Beneficiaries, then the

Trustee shall transfer the Trust Estate, discharged of the Trust, to the person or

persons who would be entitled to inherit from Grantor under the laws of the State of

California as unmarried, intestate and domiciled in that State, and possessed only ofthe property to be distributed.

F. <u>Distribution to Any Person Who is Under the Age of 18</u>: If distribution is to be made to any person who is under eighteen (18) years of age and who is not then aBeneficiary of any portion of the Trust Estate under any provision of the Trust, the Trustee may make the distribution free of all trusts to the minor, to a parent of the minor for the minor's benefit, or to a custodian designated by the Trustee for the minor, and that distribution shall represent a complete discharge of the Trustee.

**Article 5**. Payment of Death Taxes, Administration Expenses, Etc.:Upon the death of the Grantor, the following shall be applicable:

A. The Trustee shall pay all or any portion of any of the funeral expenses, expensesof administration, debts, taxes (including estate, inheritance or similar taxes arising by reason of the Grantor's death), interest, penalties and legacies that the legal representative of the Grantor's estate may, in accordance with the Grantor's Will, certify in writing to the Trustee.

B. In the event the assets of the Grantor's residuary probate estate shall be insufficient to pay for the Grantor's funeral expenses, expenses of administrationand all Federal and State taxes in the nature of estate, inheritance or like taxes, such obligations shall be paid by the Trustee to the extent that they exceed said residuary probate estate assets.

C. In making any payments under this Article, the Trustee may rely on any certificateof the legal representative of the Grantor's estate as to the amount of said payment

and the person to whom it is to be paid.

**Article 6**. Estate of Grantor: Notwithstanding the instructions in Article 4 with respect to the distribution of income and principal, the Trustee is authorized in its discretion to use the income and principal of the Trust, from time to time as follows:

A. To purchase and to retain as investments any securities or other property, real or personal, belonging to the estate of the Grantor.

B. To make loans or advances to the personal representative of the estate of the Grantor on such reasonable terms as it deems advisable.

C. The Trustee is not obligated to see to the application of any funds paid over to the estate of the Grantor.

**Article 7**. Trustee Powers: As an extension and not a limitation of all common law and statutory authority, and except where in conflict with any other provision in the Trust, the Trustee shall have the following powers and authority:

A. To accept and receive property, real or personal, from the Grantor, from the Grantor's estate or from any other estate, trust or person, and to hold the same as a part of the Trust.

B. To collect income, interest, dividends, rents and profits.

C. To retain any part or all of the property, real or personal, received to be held in trust hereunder in the form of investments, and to invest and reinvest the property of the Trust in any investments as the Trustee may deem proper without regard for the principles of diversification or whether any form of investment

would ordinarily be considered as suitable for a trustee to make or hold; and to retain any real estate or tangible personal property received to be held in trust hereunder and/or to acquire any real property and/or tangible personal property, permitting the Beneficiaries to make such use thereof as is advisable and commensurate with their beneficial interests, and to make repairs and improvements and pay taxes, insurance premiums and other charges with respect thereto as the Trustee may deem advisable.

D. To sell any real or personal property of the Trust at public or private sale for cash or on credit or to exchange the same on terms as the Trustee may deem advisable; to lease any real or personal property of the Trust at times and on terms as the Trustee may deem advisable, whether or not the lease may extend beyond the term of any trust.

E. To borrow for the purposes of the Trust and to mortgage or pledge any real estate or personal property as security for any such loans.

F. To foreclose by entry or otherwise, extend, assign or give partial releases of any mortgages, to discharge mortgages or liens on real or personal property.

G. To sign, seal, execute and deliver all proper and necessary conveyances andinstruments for the purposes of the Trust.

H. To grant options for the sale or exchange of any property.

I. To vote in person or by proxy upon all stocks or other securities held and to exercise all conversion, subscription, voting and other rights of whatever naturepertaining to the property of the Trust and to pay any sums as may be deemed

advisable in connection therewith; and to exercise stock options.

J.  To participate in any plan of reorganization, consolidation or merger, to deposit any property of the Trust under any such plan or with any protective or reorganization committee, to delegate to such committee discretionary power with respect thereto, to pay a proportionate part of the expenses of the committee and any assessments levied under any plan and to accept and retainnew securities received in pursuance of any plan.

K.  To hold securities or any real or other personal property in the name of anominee or nominees, or in any other form.

L.  To employ legal counsel, investment counsel and agents, to decide whether ornot to act upon their recommendations and to pay to them reasonable compensation from the Trust Estate.

M.  To take any proceedings at law or in equity with reference to or in any matter concerning the Trust and to represent the interests of the Trust in any proceedings, with power to compromise or refer to arbitration any dispute in anyway affecting the same.

N.  To take steps and to do any acts which may be deemed necessary or proper forthe due care and management of the Trust.

O.  To value all property to be divided or distributed at then current fair market values, and, in the Trustee's discretion, to convert all or any part of such property into money and to make division or distribution thereof in kind or in money

P.  To refuse to accept property as a trust asset if such property could result in

liability to the Trust or otherwise impair the value of any Trust Estate.

Q. To place any portion or all of the trust funds in any custodial or agency account or other similar account administered by a banking institution or trust company and to rely upon their investment decisions, such not constituting an unauthorized delegation of the Trustee's duties; provided that this paragraph shall not be applicable if the Trustee is a corporate Trustee.

R. To have dealings between or among separate trusts or trust shares hereunder, including the purchase, sale or exchange of assets, or the borrowing or lending of money, on such reasonable terms as may be appropriate in the circumstances.

S. To open and maintain checking or savings accounts in any bank or banks and todesignate any one or more persons to execute checks or make withdrawals therefrom.

T. To make loans to any person or persons upon such reasonable terms as the Trustee may determine, provided that no loan shall be made to any person whois also serving as a Trustee hereunder.

**Article 8**. <u>Payment of Premiums</u>: The Trustee shall in no way be bound to pay the premiums or other charges on any policy payable hereunder, nor to see that any such policy is kept in force, but shall use its best efforts to collect any sum payable thereunder whenever by the terms of such policy or policies, the same shall be payableto the Trustee and it shall have knowledge thereof.

**Article 9**. <u>Distributions by Trustee: Limitation on Exercise of Special Power of Appointment</u>: The Trustee is authorized to make payments of principal or income

directly to and otherwise to deal with minors as though of full age or to make such payments for the benefit of such minor, or to the parent or person having custody of the minor for his or her use, all as the Trustee may designate. No grantee or holder of any special power of appointment granted under the Trust shall have the right or power to exercise such special power in any manner that can satisfy any legal obligation of such grantee, or holder, including, but not limited to, any legal obligation of support.

**Article 10**. Accounting: Unless directed otherwise by an adult Beneficiary of the Trust, the Trustee may accept such amount of property distributed to it by the legal representative of the Grantor's estate as constituting all the property to which the Trustee is entitled under the Grantor's Will. The Trustee shall have no duty to review the administration of the Grantor's estate by such legal representative, unless the Trustee has actual affirmative knowledge of any impropriety in such administration.

At any time during or after the Trust's existence a Beneficiary may request an accounting of the property in the Trust which may or may not include income, liabilities, and a list of assets known to be in the Trust's possession. Requests may not be made more than once per year.

**Article 11**. Spendthrift Provisions: The interest of any Beneficiary in any share or part of the Trust, both principal and income, shall not be alienable, assignable, attachable, transferable nor paid by way of anticipation, nor in compliance with any order, assignment or covenant and shall not be applied to, or held liable for, any of his or her debts or obligations either in law or equity and shall not in any event pass to his or her assignee or trustee under any instrument nor under any insolvency or bankruptcy law, and shall not be subject to the interference or control of creditors, spouses or others.

Nothing contained in this Article shall be construed as restricting in any way the exercise of any power of appointment granted herein.

**Article 12.** <u>Dealings With Third Parties</u>: Any person, firm, corporation or entity dealing with the Trustee may always, rely upon the Trustee, as being duly authorized hereunder in all particulars; and no such person, firm, corporation or entity shall in any way be responsible for the proper use or application of any property delivered, or any funds paid over or advanced, by any of them to the Trustee; and the receipt of the Trustee for any payment or advancement made to the Trustee, or for any property delivered to the Trustee, shall be a complete discharge and acquaintance to the extent specified in suchreceipt. Persons dealing with the Trustee shall look only to the property administered bythe Trustee for payment of claims and not to the Trustee's personal property.

**Article 13.** <u>Successor Trustees and Other Provisions Dealing with Trustees</u>:

A. <u>Successor Trustee</u>: The Grantor appoints **Natalie Ayvazyan** as the Successor Trustee and if he or she shall be unable to fulfill the duties herein, the Grantor appoints **Angelina Ayvazyan**.

In the event neither is able to serve then the Beneficiaries may decide with a majority vote the corporate or individual to serve as Successor Trustee. If the Beneficiaries cannot agree to a Successor Trustee within 30 days then the court in the jurisdiction of the Grantor shall make the appointment. If a Beneficiary of the Trust is to be appointed as Trustee, legal or tax counsel should first be consulted with respect to any possible income, gift or estate tax consequences to such Beneficiary under then existing law. Notwithstanding the foregoing, as long as one Trustee is serving hereunder no vacancy shall be deemed to exist in the office of

Trustee.

B. <u>Appointment of Co-Trustee by an Individual Trustee</u>: Any individual who is serving as a Trustee may at any time appoint another person or a corporate Trustee to serve as a co-Trustee but only during the period of time that such individual is serving as a Trustee. The Trustee has the right to remove such co-Trustee from such office, with or without cause, upon written notice thereof mailed or delivered tosuch appointed co-Trustee.

C. <u>Removal or Incapacity</u>: During the Grantor's lifetime, he or she shall have the right to remove any Trustee. Should any Trustee hereunder become incapacitated, as determined pursuant to the Indenture or otherwise, such person shall cease to serve as Trustee and the office of Trustee shall be deemed vacant if no other Trustee is then serving.

D. <u>Resignation of Trustee</u>: Any Trustee hereunder may resign by a notice in writing delivered to the Grantor, if the Grantor is then living, and, after the Grantor's death,to all current Beneficiaries of the Trust.

E. <u>Certified Copies and Certificate of Trustee or Attorney at Law</u>: Anyone may rely upon a copy hereof certified by a Notary Public to be a true copy of the instrument

F. <u>Trustee's Accountings</u>: The Trustee, other than the Grantor-Trustee, may, and, upon request of any Beneficiary hereof, shall, render periodic accounts with respectto the trusts hereunder to the person or persons then entitled to receive any incomeor principal from the Trust.

G. <u>Bond</u>: The Grantor directs that no Trustee hereunder be required to furnish bond,

or surety on any bond, for the performance of its duties as Trustee in any jurisdiction.

H. Successor Trustees or Co-Trustees: All rights, powers and exemptions reserved or granted to the Trustee hereunder shall extend to any successor Trustee or co-Trustee. No successor Trustee or co-Trustee shall succeed to such office until he/she/it accepts such office in writing. Any successor Trustee or co-Trustee may accept, without examination or review, the accounts rendered and the property delivered by any predecessor Trustee or present co-Trustee without liability. Each successor Trustee or co-Trustee has the same title, power and duties as the Trustee succeeded or, in the case of a co-Trustee, the other then present Trustee, without any additional conveyance. Any reference to a "Trustee" refers equally to any successor Trustee or co-Trustee.

I. Compensation of Trustee: Any individual Trustee serving hereunder shall beentitled to: (Choose One)

X - No compensation whatsoever.

☐ - Be paid a reasonable fee from the Trust Estate based on the amount of time expended by such Trustee in carrying out his or her duties hereunder. Any corporate Trustee shall be entitled to be paid a fee based upon its fee schedule from time to time that is required to be published.

J. Liability of an Individual Trustee: No individual Trustee (as opposed to a corporate Trustee) shall, with respect to the investment of Trust Estate, be liable for any action taken, or failure to act, unless such action, or failure to act, was done willfully and in

bad faith or fraudulently.

K. Corporate Trustee: The term "corporate Trustee" shall mean a Trustee which is a banking institution or trust company regularly engaged in the business of trust administration in which no Beneficiary has any controlling interest.

**Article 14**. Governing Law: The Trust is made and executed in the State of California and is to be governed and construed according to the laws of said State.

**Article 15**. Survival: No individual or organization may make a claim or benefit from theTrust unless it is determined that the benefiting party has survived the Grantor by _ days.

**Article 16**. Incapacity: If the Grantor becomes incapacitated, the Trustee shall distribute such amounts of the income and principal of the Trust for the comfort, health, support, maintenance and any additional care needed. Trustee has discretion to determine what amount is appropriate and necessary to maintain the Grantor's accustomed standard of living. Incapacity shall be defined as a lack of ability to manage his or her own personal and financial affairs, which may be due either to a mental or physical condition. The determination of incapacity shall be made by either a court of competent jurisdiction or two physicians licensed to practice medicine in the state where the Grantor is domiciled at the time of the certification. One of the two physicians shall be board certified in the specialty most closely associated with the cause of the Grantor's incapacity.

The Grantor shall be deemed to have regained capacity if there is a finding to that effect by a court of competent jurisdiction or two licensed physicians that the Grantor is capable of managing his or her personal and financial affairs.

**Article 17**. <u>Order of Death</u>: At the time of the Trust's creation the Grantor: (Choose One)

X- Is Not Married

☐ - Is Married with the spouse known as_____(referred to

as the "Grantor's Spouse") and therefore if their death occurs where it cannot

bedetermined whether who died first, the Grantor or the Grantor's Spouse, then

theproperty and assets shall be transferred as follows:

(Check One)

☐ - Grantor Dies First – The Grantor shall be determined as the individual

that died first with the estate of the Grantor's Spouse able to claim any

and all property, life insurance claims, and any other property in the same

right as if the Grantor's Spouse survived the Grantor.

☐ - Grantor Dies Second – The Grantor shall be determined as the

individual that died second with the estate of the Grantor's Spouse not

able to claim any property, life insurance claims, or any other property in

the same right as if the Grantor's Spouse predeceased the Grantor.

**Article 18**. <u>Children</u>: For the purposes of the Trust the children of the Grantor are as

follows:

_____N/A_____.

**Article 19**. <u>Severability</u>: If any wording, sentence, or article of the Trust is determined to

be invalid, unenforceable, or irrelevant for any reason whatsoever the remaining

portions of the Trust remain legally valid and enforceable. If a court determines that limiting any such wording in the Trust would enable to become valid and enforceable then such wording shall be deemed written, construed, and enforced as so limited.

**Article 20**. Gender References: Whenever the context permits, the use of a particular gender shall include any other gender, and references to the singular or the plural shall be interchangeable.

**Article 21**. Exclusion: For the purpose of outlining a clear and detailed Trust document the Grantor has specifically excluded the following individuals and/or organizations:

_____N/A_____

**Article 22**. Power to Alter, Amend or Revoke: The Grantor reserves the right at any time or times during the Grantor's lifetime to amend, alter or revoke the Trust, in whole or in part, or any provision thereof, by an instrument in writing signed by the Grantor and delivered to the Trustee, provided that no such amendment or alteration shall in any manner increase the duties and responsibilities of any then Trustee in office without such Trustee's consent. From and after the Grantor's death the Trust shall be irrevocable and may not be altered, amended or revoked.

**Grantor's Signature** _____

Print Name NAZIK TUNYAN _____Date __9-25-2014.__

I hereby accept the Trust hereinabove created upon the terms set forth herein and agrees to act as Trustee thereunder.

**Trustee's Signature** _____

Print Name  G E G H E T S I K   G E V O R G Y A N _____Date _____9·25·2014_____

I hereby accept the Trust hereinabove created upon the terms set forth herein and

agrees to act as Successor Trustee thereunder.

Successor Trustee's Signature ____Natali_____

Print Name   NATALIE AYVAZYAN_____Date  9-25-2014____

# SELF-PROVING AFFIDAVIT

State of_____CA_____}

County of__Los Angeles_____}

I/We, the Grantor, Trustee(s) and Successor Trustee(s) and/or Notary Public, whose
names are signed to the foregoing instrument, being first duly sworn, do hereby
declareto the undersigned authority that the Grantor signed and executed the
instrument as his/her Living Trust and that he/she signed willingly, and that he/she
executed it as his/her free and voluntary act for the purposes therein expressed, and
that each of the individuals, in the presence of the Grantor was at the time eighteen
(18) or more years of age, of sound mind and under no constraint or undue influence.

Grantor's Signature ____Mary_____ Date ____5-25-2014____

Trustee's Signature ____Tim_____ Date ____9-25.2014____

Successor Trustee's Signature____Natali_____ Date ____9-25-2014____

# ATTACHMENT A

Under this Living Trust the Grantor has conveyed, transferred, or assigned to the Trustee the following assets and property to be managed and held under the terms of aforementioned:

**17450 Weddington Street, Encino CA 91316**

# EXHIBIT B

**RECORDING REQUESTED BY:**

GRETA AKOPYAN

**When Recorded Mail Document To:**

GRETA AKOPYAN

14952 Cobalt St.

Sylmar, CA 91342

APN: 2257-001-009

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

## AFFIDAVIT – CHANGE OF TRUSTEE
California Probate Code Section 18105

STATE OF: California        COUNTY OF: LOS ANGELES        } S.S.

GRETA AKOPYAN, of legal age, being first duly sworn, and deposes and says:

1. The Trust known as NAZIK TUNYAN FAMILY TRUST, executed on September 25, 2014, is a valid and existing trust.
2. The name of the settlor of the Trust is Nazik Tunyan.
3. The name of the previous trustee of the Trust is Geghetsik Gevorgyan.
4. I am the only currently acting successor trustee.
5. The Trust has not been revoked, modified or amended in any manner which would cause the representations contained herein to be incorrect.
6. The legal description of real property in the Trust is attached hereto as **Exhibit "A"**.
7. I became the successor trustee by reason of [X] resignation of the prior trustee.
8. Grant deed recorded with the Los Angeles County Recorder on 08/28/2020 as Instrument No. 20201017939.

DATED: August 22, 2022

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

GRETA AKOPYAN

Subscribed and sworn to (or affirmed) before me on this 22 day of

August , 20 22 by GretA AkopyAn

SPACE BELOW RESERVED FOR NOTARY SEAL

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature

NARGIZA BABADJANOVA
COMM. # 2308649
LOS ANGELES COUNTY
NOTARY PUBLIC-CALIFORNIA
MY COMMISSION EXPIRES
OCTOBER 13, 2023

**EXHIBIT "A"**
**LEGAL DESCRIPTION**

The land described herein is situated in the state of California, County of Los Angeles, City of Los Angeles, described as follows:

Lot 13 Block 17, of Tract No, 2955, as per map recorded in Book 31 Page(s) 62 et seq. in the Office of the County Recorder of said county, described as follows:

Beginning at the Southwesterly corner of said Lot 13; thence along the Southerly line of said Lot, South 89° 44' 43" East 100.00 feet; thence parallel with the Westerly line of said Lot, North 0° 04' 00" West 135.04 feet, more or less, to the Southerly line of the Northerly 195.00 feet of said Lot 13; thence along said parallel line North 89° 44' 43" West 84.92 feet to the beginning of a tangent curve concave Southeasterly, having a radius of 15.00 feet, said curve also being tangent at its Westerly terminus to the Westerly line of said Lot 13; thence Southwesterly along said curve, an arc distance of 23.56 feet to said Westerly line; thence along said Westerly line, South 0° 04' 00" East 119.96 feet to the point of beginning.

APN: 2257-001-009

# EXHIBIT C

**APPOINTMENT OF SUCCESSOR TRUSTEE OF NAZIK TUNYAN FAMILY TRUST**

This Appointment of Successor Trustee of the NazikTunyan Family Trust dated September 25, 2014 ("the Trust") is made based on the following:

Geghetsik Gevorgyan was appointed by Nazik Tunyan, Grantor of the Trust, as the Trustee of the Trust.  Ms. Gevorgyan has resigned as Trustee.

The Grantor appointed Natalie Ayvazyan ("Natalie") as the Successor Trustee and if she is unable to fulfill the duties, the Grantor appoints Angelina Ayvazyan ("Angelina").

Both Natalie (born 01/30/2008) and Angelina (born 09/11/2006) are minors, being 14 years of age and 15 years of age, respectively.

On or about November 12, 2021, Artur Ayvazyan and Tamara Dadyan, parents of Natalie and Angelina, appointed Arsen Dadyan as their attorney-in-fact for Natalie and Angelina, with power to, among other things, generally act and execute all other documents which may be necessary or proper to see to the needs of Natalie and Angelina.  Copies of the Powers of Attorney are attached to the within Appointment of Successor Trustee.

Arsen Dadyan, as attorney-in-fact of Natalie and Angelina, appoints Greta Akopyan (grandmother of Natalie and Angelina) as Successor Trust of the Trust, replacing Geghetsik Gevorgyan effective immediately.

Dated: 8/16/2022

_____
ARSEN DADYAN
Attorney-in-fact for Natalie Ayvazyan and
Angelina Ayvazyan

Appointment Accepted.

Dated; 8/16/2022

_____
GRETA AKOPYAN
14952 Cobalt Street, Sylmar, CA 91324
California Driver License No. A36376332

We understand the above.

_____
NATALIE AYVAZYAN

_____
ANGELINA AYVAZYAN

**ATTACH ACKNOWLEDGEMENT OF NOTARY PUBLIC**

**CALIFORNIA JURAT**

GOVERNMENT CODE § 8202

---

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of *Los Angeles*

Subscribed and sworn to (or affirmed) before me on
this __16th__ day of __August__, 20 __22__, by
  _Date_          _Month_          _Year_

(1) *Arsen Dadyan, Greta Akopyan*

                                    *Angelina Ayuazyan*
(and 2) *Natalie Ayuazyan,* _____ ).
                  _Name(s) of Signer(s)_

proved to me on the basis of satisfactory evidence to
be the person(s) who appeared before me.

ADI COHEN PEISACH
Notary Public - California
Los Angeles County
Commission # 2333200
My Comm. Expires Sep 5, 2024

Signature _____
            _Signature of Notary Public_

*Place Notary Seal and/or Stamp Above*

---

———————— **OPTIONAL** ————————

*Completing this information can deter alteration of the document or
fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

---

©2019 National Notary Association

# Declaration of Angelina Ayvazyan

JERRY KAPLAN, Esq.  CA Bar# 49142
Kaplan, Kenegos & Kadin
9150 Wilshire Boulevard
Suite 175
Beverly Hills, CA 90212
Phone: (310) 859-7700
Facsimile: (310) 859-7770
Email: office@3klaw.com


Attorneys for Claimant NAZIK TUNYAN FAMILY TRUST

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>REAL PROPERTY LOCATED IN LOS ANGELES CALIFORNIA,<br><br>    Defendant.<br><br>THE NAZIK TUNYAN FAMILY TRUST,<br><br>    Claimant. | Case No.: CV 22-44950-SVC<br><br>DECLARATION OF ANGELINA AYVAZYAN IN SUPPORT OF HER OPPOSITION TO THE GOVERNMENTS MOTION TO STRIKE CLAIMS<br><br>Hearing Date: December 5, 2022<br>Location: Courtroom of Hon. Stephen   R. Wilson |

I, ANGELINA AYVAZYAN, declare as follows:

1.    I am, at the execution of this Declaration, a minor of fifteen (15) year of age.  I am the granddaughter of Trustee Greta Akopyan, beneficiary Angelina Ayvazyan. The matters stated herein are true to my own knowledge to which I would testify if called upon to do so.

i

2.    I was eight (8) years of age in 2014 when the Trust was executed.

3.    I have lived at the subject property in this matter commonly known as 17450 Weddington Street, Encino, California 91316, since at least 2014 and currently live at this property.

        I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Dated: 11-12-22 _____ Signed: _____ at Encino _____, California.

ii

# Declaration of Greta Akopyan

1  JERRY KAPLAN,. Esq.  CA Bar# 49142
2  Kaplan, Kenegos & Kadin
3  9150 Wilshire Boulevard
   Suite 175
4  Beverly Hills, CA 90212
   Phone: (310) 859-7700
5  Facsimile: (310) 859-7770
6  Email: office@3klaw.com

7
8  Attorneys for Claimant NAZIK TUNYAN FAMILY TRUST

9                    UNITED STATES DISTRICT COURT
10          FOR THE CENTRAL DISTRICT OF CALIFORNIA
11                         WESTERN DIVISON
12

13  UNITED STATES OF AMERICA,              Case No.: CV 22-44950-SVC
14       Plaintiff                         DECLARATION OF GRETA
                                           AKOPYAN IN SUPPORT OF
15                                         HER OPPOSITION TO THE
                                           GOVERNMENTS MOTION TO
16  v.                                     STRIKE CLAIMS
17                                         Hearing Date: December 5, 2022
    REAL PROPERTY LOCATED IN LOS           Location: Courtroom of Hon.
18  ANGELES CALIFORNIA,                    Stephen   R. Wilson
19       Defendant.
20
21  THE NAZIK TUNYAN FAMILY TRUST,
22       Claimant.
23

24       I, GRETA AKOPYAN, declare as follows:
25       1.      I am an adult over the age of 18 years. I am the grandmother of Trust
26  beneficiary Angelina Ayvazyan. I am the Trustee of the Nazik Tunyan Family
27  Trust which was made irrevocable upon the death of Nazik Tunyan in 2015. The
28

                                     i

matters stated herein are true to my own knowledge to which I would testify if
called upon to do so.

2.     I became the appointed successor Trustee when the previous Trustee
resigned. Pursuant to the terms of the trust, the successor trustees had the power
to appoint a successor Trustee and through their attorney in fact, appointed me. I
had prepared and signed an Appointment of Successor Trust which I have
attached as a true and correct copy identified as Exhibit C in the Opposition.

3.     Upon my appointment, I also executed an Affidavit – Change of
Trustee pursuant to California Probate Code §18105, which I have attached as a
true and correct copy identified as Exhibit B in the Opposition.

4.     As the grandmother of Angelina Ayvazyan, I have personal
knowledge that Angelina has lived at the subject property in this matter
commonly known as 17450 Weddington Street, Encino, California 91316, since
at least 2014.

5.     I have personal knowledge that the Trustor, Nazik Tunyan, lived at
the subject property in this matter commonly known as 17450 Weddington
Street, Encino, California 91316, since at least 2014.

6.     Pursuant to the terms of the Trust, I intend to convey a grant deed to
the subject property as Trustee of the Trust to Angelina Ayvazyan as soon as she
turns eighteen (18) years of age, or as soon thereafter as it practicable.

7.     I have reviewed the Opposition to the Motion to Strike Claims and
believe the facts stated therein are true to my own knowledge.

I declare under penalty of perjury under the laws of the United States of
America, that the foregoing is true and correct.

Dated: _11-12-2022_   Signed: _____ at
_Encino_____, California.

## PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action; my business address is 9150 Wilshire Blvd., Suite 175, Beverly Hills, California 90212.

On November 11, 2022, I served the foregoing document described as **OPPOSITION TO NOTICE OF MOTION TO STRIKE CLAIMS,** as follows:

DAN G. BOYLE
Assistant United States Attorney
Asset Forfeiture Section
E-mail: Daniel.Boyle2@usdoj.gov

BRIAN NEWMAN, ESQ.
Attorneys for Claimant
JPMORGAN CHASE BANK
Email: bnewman@dykema.com

[ ] By United States mail. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above (specify one):

(1) [ X ] **(BY ELECTRONIC SERVICE)** Based on a court order or an agreement of the parties to accept service by electronic transmission pursuant to C.C.P. Sections 2025.310(b) and 1010.6 et seq., and/or temporary resulting from Executed Order N-38-20 Stay at Home Order/ Regulation issued by the State of California's Governor, Gavin Newsom, effective March 27, 2020 to address the COVID 19 National Health Pandemic; I caused the documents to be sent to the persons at the electronic notification addresses listed below.

(2) [ ] placed the envelope for collection and mailing, following our ordinary business practice. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

EXECUTED on November 14, 2022

/s/ Dulce Garcia
Dulce Garcia