# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-04950-SVW-JPR | Date | January 12, 2023 |
| Title | *United States v. Real Property Located in Los Angeles, California* | | |

**Present: The Honorable** STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER FOR CLAIMANT NAZIK TUNYAN FAMILY TRUST TO PRODUCE EVIDENCE

Before the Court is the government's motion to strike the claim of the Nazik Tunyan Family Trust ("the Trust"). ECF No. 31. On January 10, 2023, the Court held an evidentiary hearing regarding whether the Trust has Article III standing to challenge the government's forfeiture action.

In civil forfeiture proceedings, "[a] claimant bears the burden of establishing Article III standing, the threshold function of which is to ensure that the government is put to its proof only where someone acting with a legitimate interest contests the forfeiture.... A claimant must therefore demonstrate that he has a sufficient interest in the property to create a case or

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04950-SVW-JPR | Date | January 12, 2023 |
|---|---|---|---|
| Title | *United States v. Real Property Located in Los Angeles, California* | | |

controversy." *United States v. $41,471.00 in U.S. Currency*, 2016 WL 337380, at *1 (C.D. Cal. Jan. 6, 2016).

More specifically, at the motion to strike stage—unlike at the motion to dismiss stage—"possession of mere legal title by one who does not exercise dominion and control over the property is insufficient even to establish standing to challenge a forfeiture." *United States v. One Parcel of Land, Known as Lot 111-B, Tax Map Key 4-4-03-71(4), Waipouli, Kapaa, Island & Cnty. of Kauai, State of Hawaii*, 902 F.2d 1443, 1444 (9th Cir. 1990) (citations and quotations omitted); *compare with United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d 1134 (9th Cir. 2008) (claimant's assertion in the pleadings that the claimant had an ownership interest the property sufficient to confer standing in assessing the claimants' Rule 12(b)(6) motion to dismiss). This burden is by the preponderance of the evidence. Supp. R. G(8)(c)(ii)(B) ("[the motion to strike] may be presented as a motion for judgment on the pleadings or as a motion to determine after a hearing or by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence.").

The government summarized its arguments in support of its motion at the January 10, 2023 evidentiary hearing: first, that the purported original trustee, Geghetsik Gevorgyan, was an identity theft victim. Gevorgyan apparently revealed in an interview with the government that she was never the trustee of the Nazik Tunyan Family Trust. Because the Trust identified Gevorgyan as the original trustee, the government essentially contends that the Trust never legitimately existed and therefore never had dominion and control over the property.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-04950-SVW-JPR | Date | January 12, 2023 |
| Title | *United States v. Real Property Located in Los Angeles, California* | | |

Second, the government contends that the Trust used false identities to obtain a mortgage, meaning that it was merely a front for Tamara Dadyan's criminal activities.

Third, the government argues that documents bear the settlor's signature after his death, which the Trust asserts occurred in 2015. The government argues that this further indicates that Dadyan used the trust to hide her fraudulent activities.

The Trust has the burden of establishing standing by the preponderance of the evidence. To that end, the Trust is ordered to produce evidence in the form of affidavits and/or documents that (1) rebut the government's arguments in its motion and as summarized above that the trust is a sham; (2) otherwise enable the Trust to meet its burden of showing standing in this action; and (3) that is responsive to the Court's questions below.

The Court's questions for the Trust are as follows:

1. Did Gevorgyan consent to becoming the trustee?

2. Did Gevorgyan act as trustee, for instance, by paying the mortgage on the property and other expenses?

3. Did Gevorgyan resign as trustee in writing, as required by the trust document?

4. Who drafted the trust document?

5. Was the trust document recorded?

6. Why do documents bear Nazik Tunyan's signature after his death in 2015?

|  |  :  |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-04950-SVW-JPR | Date | January 12, 2023 |
|---|---|---|---|
| Title | *United States v. Real Property Located in Los Angeles, California* | | |

    7.  Has Greta Akopyan paid expenses on the property since she became trustee?

    The Trust shall have 21 days from the issuance of this order to provide, under penalty of perjury, such evidence. The government is ordered to file on the docket the interview with Gevorgyan as a supplement to its motion.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |