JERRY KAPLAN,. Esq.  CA Bar# 49142
Kaplan, Kenegos & Kadin
9150 Wilshire Boulevard
Suite 175
Beverly Hills, CA 90212
(310) 859-7700
Facsimile: (310) 859-7770
Email: office@3klaw.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED IN LOS ANGELES, CALIFORNIA,<br><br>    Defendant.<br><br>THE NAZIK TUNYAN FAMILY TRUST,<br><br>    Claimant. | Case No.: CV:22-4950-SVC<br><br>CLAIMANT'S RESPONSE TO QUESTIONS POSED BY THE COURT IN THE MATTER OF THE GOVERNMENT'S MOTION TO STRIKE CLAIMS AS SET FORTH IN THE COURT'S CIVIL MINUTES DATED JANUARY 12, 2023, DOCUMENT 43, Page ID# 604 |

    On January 12, 2023, the Court issued Civil Minutes [DOC 43, Page ID # 605) in which it, among other things, posed seven (7) questions to the Trust (Claimant) to respond to.

    These questions would appear to irrelevant; nonetheless, Claimant will respond to the questions, most of which are irrelevant, in the order presented.

    Question No. 1    "Did Gevorgyan consent to becoming trustee?

    Response:    This question is irrelevant. There does not need to be a trustee. California Probate Code §15660.   The legal requirements for the formation of a trust in

1

California is if the settlor properly manifests an intention to create a trust. Probate Code §15201. There is no legal requirement for a trustor/settlor to name a trustee; only that there be a mechanism for the appointment of a successor trustee in the event of the death of the trustor/settlor. The Trust at issue has such a provision and, in fact, the current Trustee was appointed pursuant to the methodology contained in the subject Trust. (Declaration of Greta Akopyan, para. 2).[1]

Finally, as the Trust/Settlor is deceased[2] and the Trust is now irrevocable (Akopyan Decl., para 2), claimant Trust, represented by the current Trustee, has no information as to whether Gevorgyan "consented" to becoming the trustee even if such "consent" was a legal requirement.

Question No. 2   "Did Gevorgyan act as trustee, for instance, by paying the mortgage on the property and other expenses?"

Response:   The present Trustee has no knowledge as to whether Gevorgyan "acted" as trustee. (Akopyan Decl. para 3). "Acting" as a trustee means performing the powers and duties enumerated in a trust instrument. The powers of the trustee of the subject trust are set forth in Article 7 of said Trust [DOC 32, Page ID # 370] and "paying the mortgage on the property" is not specifically listed as a power or duty of the trustee of the subject trust. Further, since Gevorgyan is no longer associated with the Trust, whether Gevorgyan acted as a trustee (which is being interpreted as whether Gevorgyan performed the duties and exercised the powers of trustee) is irrelevant. The Trust was executed in September, 2014, and has been and remains in existence.

Claimant has no knowledge as to whether Gevorgyan "paid the mortgage…and other expenses." (Akopyan Decl., para 3).

Question No. 3   "Did Gevorgyan resign as trustee in writing as required by the trust document?

---

[1] See also November 12, 2022, Declaration of Greta Akopyan, ECF #32, p.42, para. 2-3.

[2] See also November 12, 2022, Declaration of Greta Akopyan, ECF #32, p.41, para. 1.

1        Response: This question is, again, irrelevant. Whether Gevorgyan did, or did
2  not, resign as trustee in writing is unknown but is irrelevant to the validity of the trust.
3  Furthermore, although the subject trust provides that a trustee **may** resign by a notice in
4  writing (Article 13, Section D, DOC 32, Page ID # 376) such a writing is not required by
5  the subject trust, contrary to the claim in the question.
6        Question No. 4  "Who drafted the trust document?
7        Response: Claimant believes, but does not have direct knowledge, that Nazik
8  Tunyan caused the Trust document to be prepared.  (Akopyan Decl. para 4).  Probate
9  Code Section 15200 sets forth the methods by which a trust may be created.  The Trust
10 indicates that Nazik Tunyan was the grantor or the "legal" creator of the Trust.  DOC 32,
11 Page ID # 380.  Probate Code §15200(b).  Claimant, by and through the present trustee,
12 has no knowledge of who "drafted" the subject trust.  (Akopyan Decl. para 4).
13       Question No. 5  "Was the trust document recorded?"
14       Response: As far as Claimant knows, the answer is "no." (Akopyan Decl. para
15 5).  There is no legal requirement for the subject trust to be recorded.  Indeed, the main
16 purpose of a living trust, of which a trust whose beneficiaries are family members is often
17 referred to as a "family trust", is so that recordation is not necessary. The terms, "living
18 trust" and "family trust" are interchangeable.  The law does not distinguish between a
19 "family trust" and a "living trust."
20       The death of the settlor made the trust **irrevocable** leaving the beneficiary with an
21 actual interest rather than just a beneficial interest. The beneficiary has resided in the
22 property since 2014 and while a minor cannot exercise "control" over real property,  her
23 interest is more than just a  "mere" or "incidental"  interest. (Akopyan Decl. para 5).[3]
24       Question No. 6  Why do documents bear Nazik Tunyan's signature after his
25 death in 2015?
26       Response: Claimant, by and through the current trustee, has no information

---

[3] See also November 12, 2022, Declaration of Angelina Ayvazyan, ECF #32, p.39, para.3.

with which to provide a response to this question. (Akopyan Decl. para 6). The subject trust was signed by the grantor **before** the death of Nazik Tunyan. (Akopyan Decl. para 6). So this question is irrelevant as the trust was valid upon its execution.

Question No. 7    "Has Greta Akopyan (current trustee) paid expenses on the property since she became trustee?"

Reponses:    Yes. Ms. Akopyan has resided in the property, taken control of and maintained the property for the benefit of the beneficiary, and has paid all expenses necessary to be paid since she became the Trustee. (Akopyan Decl. para 7).

In addition, it should be noted that the Court's recitation that the claimant herein has a burden by a preponderance of the evidence to establish an ownership interest in the property in order to establish standing is incorrect.

As noted in Claimant's Opposition to the Motion to Strike Claims, ownership is determined by the law of the state in which the interest arose – and in this case, it is California law that controls. Ranch Located in Young, AZ, 50 F.3d 630, 632 (9th Cir. 1995), citing to: United States v. 1977 Porsche Carrera, 946 F.2d 30, 34 (5th Cir.1991); see also United States v. One Single Family Residence, 894 F.2d 1511, 1514 (11th Cir.1990).

There is no question that a trustee has standing to file a claim in a civil forfeiture and does so by alleging an ownership interest or other interest in the forfeited property. United States v $191,910.00 in U.S. Currency, 16 F.3d 1051, 1057 (9th Cir. 1994).

A claimant need only **have some type of property interest** in the forfeited items. This interest need not be an ownership interest; it can be any type of interest, including a possessory interest. See United States v. $122,043.00 in United States Currency, 792 F.2d 1470, 1473 (9th Cir.1986). at 1473; also United States v. 1982 Sanger 24' Spectra Boat, 738 F.2d 1043, 1046 (9th Cir.1984) ("It is not necessary therefore that a claimant under the forfeiture statute allege ownership. A lesser property interest such as possession creates standing.") (citing United States v. Jacobsen, 466 U.S. 109, 113, 104 S.Ct. 1652,

1656, 80 L.Ed.2d 85 (1984)).

    Although the "standing issue" was not one of the issues expressly raised in the questions posited by the Court, unquestionably, under California law, since title to the subject property is held in the name of Greta Akopyan as trustee of the Nazik Tunyan Family Trust, and the manner in which title is held is presumed to reflect the actual ownership interest of the property (California Evidence Code §662) , under any evidentiary standard,  the Claimant's standing in this matter is unequivocal. (See Carne v Worthington, 246 Cal.App.4th 548 (2016). \

    What is presently before the court is only the government's motion to strike the claim filed by the Nazik Tunyan Family Trust. The government's efforts to bootstrap matters unrelated to the validity of the claimant's right to make a claim ("standing")  are not properly before this Court.

    The overwhelming evidence and law must result in the government's  Motion to Strike the claim of the Nazik Tunyan Family Trust being denied.

DATED:                                      KAPLAN, KENEGOS & KADIN, by:
                                               _____/S/_____
                                               JERRY KAPLAN, Esq.
                                               Attorneys for Claimant Nazik Tunyan Trust