E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture and Recovery Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:   (213) 894-2426
    Facsimile:   (213) 894-0142
    E-mail:  daniel.boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>REAL PROPERTY LOCATED IN LOS ANGELES, CALIFORNIA,<br><br>       Defendant.<br><br>NAZIK TUNYAN FAMILY TRUST, GRETA AKOPYAN, AND JPMORGAN CHASE BANK, N.A.,<br><br>       Claimants. | No.  2:22-cv-04950-SVW-JPR<br><br>GOVERNMENT'S *EX PARTE* APPLICATION FOR LEAVE TO FILE DOCUMENT UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[PROPOSED ORDER LODGED CONTEMPORANEOUSLY HEREWITH; SEALED DECLARATION OF DAN G. BOYLE FILED UNDER SEPARATE COVER] |

    Plaintiff United States of America, by and through its counsel of record, hereby applies to this Court *ex parte* for leave to file under seal notes of an interview with Geghetsik Gevorgyan pursuant to the Court's Order of January 12, 2023, relating to the Government's

1

Motion to Strike the Claim of the Nazik Tunyan Family Trust.  A proposed order authorizing the under seal filing is being lodged concurrently with this application.

Counsel to Claimants Nazik Tunyan Family Trust and JPMorgan Chase Bank, N.A. were provided notice of the government's intent to file this *ex parte* application on January 27, 2023. Counsel for JPMorgan Chase Bank, N.A responded that their client does not oppose the application. Counsel for the Trust has not provided a position as of the date of this filing.

The government submits the attached memorandum of points and authorities and sealed Declaration of Dan G. Boyle in support of this application for leave to file the interview notes under seal.

DATED: January 30, 2023

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section

           /s/
DAN G. BOYLE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

By this application, the United States of America ("the government") requests leave to file agent's notes of the interview with Geghetsik Gevorgyan (the "Gevorgyan Interview") under seal pursuant to the Court's order of January 12, 2023 relating to the Government's Motion to Strike the Claim of the Nazik Tunyan Family Trust.

Federal courts are empowered to seal documents in appropriate circumstances. Cf. Fed.R.Crim.P. 6(e)(4) (sealing of indictments). The Supreme Court has noted that "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978). The Ninth Circuit has held on at least two occasions that district courts have the inherent power to seal affidavits filed with search warrants in appropriate circumstances. Offices of Lakeside Non-Ferrous Metals, Inc. v. United States, 679 F.2d 779 (9th Cir. 1982); United States v. Agosto, 600 F.2d 1256 (9th Cir. 1979). This inherent power may appropriately be exercised when disclosure of the affidavits would disclose facts which would interfere with an ongoing criminal investigation. Shea v. Gabriel, 520 F.2d 879 (1st Cir. 1979).

As detailed in the accompanying Declaration of AUSA Dan Boyle, the notes of the Gevorgyan Interview include copies of documents shown to Gevorgyan which include personally identifying information ("PII") of third parties, including of Gevorgyan. For this reason, the Gevorgyan Interview notes were designated confidential under the protective order in this case, as public disclosure of this PII could cause financial harm to third parties. In addition, disclosure of

this type of information is explicitly prohibited by Fed.R.Civ.P. 5.1, and redaction of all PII in these documents would limit the usefulness of this information to the Court and the parties and render these documents potentially-confusing.

Based upon the above, the government requests that the court enter the proposed order lodged herewith sealing the Gevorgyan Interview until further order of the court.