E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture and Recovery Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2426
    Facsimile: (213) 894-0142
    E-mail:  Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>REAL PROPERTY LOCATED IN LOS ANGELES, CALIFORNIA,<br><br>    Defendant. | No. 2:22-cv-04950-SVW-JPR<br><br>**STIPULATION TO INTERLOCUTORY SALE AND SETTLEMENT AGREEMENT** |

    Plaintiff United States of America (the "government"), claimant JPMorgan Chase Bank, N.A. (the "Bank"), claimant Nazik Tunyan Family Trust (the "Trust"), and potential claimant Greta Akopyan ("Potential Claimant") and the Trust hereby stipulate and agree as follows:

    1.   The government filed a Verified Complaint for Forfeiture in this action on July 20, 2023, seeking forfeiture of a real property located in Los Angeles County, California (the "Defendant

Property"). See ECF No. 1.

2. The Bank and the Trust filed claims opposing forfeiture. See ECF Nos. 11, 16.

3. On March 30, 2023, the court struck the claim of the Trust, but ordered further briefing regarding the Eighth Amendment implications of the potential forfeiture of the Defendant Property. See ECF No. 56.

4. Following the striking of the Trust's claim, Potential Claimant has notified the government that she may seek leave to file a claim. See ECF No. 57.

5. The government, the Bank, and the Potential Claimant now desire to sell the Defendant Property in this action for fair market value, as part of a settlement agreement to resolve this action.

6. The parties agree that the procedures set forth in 28 U.S.C. §§ 2001, 2002 and 2004 providing for public sale of property under court control are not reasonable, appropriate, or likely to yield the highest price for the Defendant Property.

7. Because of the high value of the Defendant Property, the nature of the market to which the Defendant Property can be marketed, the expertise needed to sell and market real estate of this value to the public, and the need to sell the Defendant Property promptly to preserve remaining equity, the parties recommend that the Court enter the proposed order (the "Order") concurrently lodged with this stipulation authorizing the sale of the Defendant Property according to the terms described herein.

8. The parties shall cause the Defendant Property to be sold at the highest available reasonable price. The proposed sales price of the Defendant Property shall be subject to the approval of the Bank provided, however, that the Bank shall not withhold its approval

unless the proposed sales price would result in the Bank's lien not being fully paid off.

9. The Potential Claimant shall select a listing agent (the "Agent"), acceptable to the government and the Bank. The Agent shall be a licensed real estate broker with experience selling properties in the areas where the Defendant Property is located.

10. The parties agree that the Agent shall maintain a listing for the Defendant Property with the Multiple Listing Service and/or a similar service to market the Defendant Property to the public, and shall attempt to procure a ready, willing and able buyer.

11. The government shall provide to the Agent a withdrawal of any *lis pendens* filed by the government on the Defendant Property, to be recorded only as part of the closing of escrow on the Defendant Property. If, for any reason, the escrow for the sale of the Defendant Property does not close, the withdrawal of any associated *lis pendens* shall not be recorded, but shall be returned to the government.

12. The proceeds of the sale of the Defendant Property shall be distributed as follows:

   a. First, payment of all costs of escrow and sale, including real estate sales commissions and applicable fees triggered by the sale of the Defendant Property and the costs incurred in preparing the property for sale, as well as any reasonable credits against the sale price requested by the buyer(s);

   b. Second, payment of all outstanding taxes on the Defendant Property, including payment of any outstanding real

          property taxes to any relevant state or local tax authority, up to the date of closing of escrow;

    c. Third, payment of all outstanding mortgages or secured liens on the Defendant Property, including, but not limited to, that held by the Bank;

    d. Fourth, to the extent funds remain (the "Net Proceeds"), the government and the Potential Claimant agree that 50% of any Net Proceeds shall constitute a substitute *res* in place of the Defendant Property in this action (the "Substitute Property").

    e. The Substitute Property shall be transferred by the Agent, or the Agent's designee, to an account specified by the government, upon the government's written request, the sum of which will be forfeited to the United States of America and no other right, title or interest shall exist therein. The government will dispose of the funds in accordance with law.

    f. The remaining 50% of any Net Proceeds shall be transferred to Potential Claimant through counsel.

13. The parties agree to execute a stipulation for a consent judgment for forfeiture of the Substitute Property, in a form to be determined following sale of the Defendant Property.

14. The Potential Claimant and the Trust warrant that they have not and shall not receive any compensation or consideration from any buyer(s) of the Defendant Property or anyone else outside of the escrow described above in connection with the sale of the Defendant Property, and further represent that all payments for such sale shall

be made in accordance with the escrow instructions, a full copy of which shall be provided to government counsel.

15. The parties to this Stipulation shall execute any and all documents necessary to consummate the sale of the Defendant Property, to convey clear title of the property to the buyers, and to further implement the terms of this Stipulation.

16. The Court shall retain jurisdiction over the parties to effectuate the terms of this agreement and resolve any issues or disputes that may arise regarding the interlocutory sale of the Defendant Property.

17. The parties hereby stipulate and request the Court sign the accompanying proposed order.

IT IS SO STIPULATED.

DATED: May 9, 2023

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section

 /Dan G. Boyle/
DAN G. BOYLE
Assistant United States Attorney
Asset Forfeiture and Recovery Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

(*signatures continued on next page*)

5

Dated: May 9, 2023

        /s/Jerry Kaplan  
        JERRY KAPLAN, ESQ.

        Attorney for Claimant  
        NAZIK TUNYAN FAMILY TRUST

Dated: May 9, 2023

        /s/Jerry Kaplan  
        JERRY KAPLAN, ESQ.

        Attorney for Potential Claimant  
        GRETA AKOPYAN

Dated: May 9, 2023        /s/Brian Newman  
        BRIAN NEWMAN, ESQ.

        Attorney for Claimant  
        JPMORGAN CHASE BANK, N.A.