UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>REAL PROPERTY LOCATED IN<br>LOS ANGELES, CALIFORNIA,<br><br>　　　　Defendant. | No. 2:22-cv-04950-SVW-JPR<br><br>**[PROPOSED] ORDER FOR<br>INTERLOCUTORY SALE** |
|---|---|

　　　Having considered the stipulation between plaintiff United States of America and claimant JPMorgan Chase Bank, N.A. (the "Bank"), claimant Nazik Tunyan Family Trust (the "Trust"), and potential claimant Greta Akopyan ("Potential Claimant") by and through their respective counsel of record for an Order authorizing the sale of the real property alleged to be forfeitable in this action (the "Defendant Property"), and for good cause shown, IT IS ORDERED that:

//

//

1. Pursuant to Rule G(7)(b)(iii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Claims, the Court finds that the procedures set forth in 28 U.S.C. §§ 2001, 2002 and 2004 providing for public sale of property under court control are not reasonable, appropriate, or likely to yield the highest price for the Defendant Property.

2. The Defendant Property shall be sold at the highest available reasonable price. The proposed sales price of the Defendant Property shall be subject to the approval of the Bank provided, however, that the Bank shall not withhold its approval unless the proposed sales price would result in the Bank's lien not being fully paid off.

3. The Potential Claimant shall select a listing agent (the "Agent"), acceptable to the government and the Bank. The Agent shall be a licensed real estate broker with experience selling properties in the areas where the Defendant Property is located.

4. The Agent shall maintain a listing for the Defendant Property with the Multiple Listing Service and/or a similar service to market the Defendant Property to the public, and shall attempt to procure a ready, willing and able buyer.

5. The government shall provide to the Agent a withdrawal of any *lis pendens* filed by the government on the Defendant Property, to be recorded only as part of the closing of escrow on the Defendant Property. If, for any reason, the escrow for the sale of the Defendant Property does not close, the withdrawal of any associated *lis pendens* shall not be recorded, but shall be returned to the government.

6. The proceeds of the sale of the Defendant Property shall be distributed as follows:

   a. First, payment of all costs of escrow and sale, including real estate sales commissions and applicable fees triggered by the sale of the Defendant Property and the costs incurred in preparing the property for sale, as well as any reasonable credits against the sale price requested by the buyer(s);

   b. Second, payment of all outstanding taxes on the Defendant Property, including payment of any outstanding real property taxes to any relevant state or local tax authority, up to the date of closing of escrow;

   c. Third, payment of all outstanding mortgages or secured liens on the Defendant Property, including, but not limited to, that held by the Bank;

   d. Fourth, to the extent funds remain (the "Net Proceeds"), 50% of any Net Proceeds shall constitute a substitute *res* in place of the Defendant Property in this action (the "Substitute Property").

   e. The Substitute Property shall be transferred by the Agent, or the Agent's designee, to an account specified by the government, upon the government's written request, the sum of which will be forfeited to the United States of America and no other right, title or interest shall exist therein. The government will dispose of the funds in accordance with law.

   f. The remaining 50% of any Net Proceeds shall be transferred to Potential Claimant through counsel.

7. The Trust and the Potential Claimant shall not receive any compensation or consideration from any buyer(s) of the Defendant

Property or anyone else outside of the escrow described above in connection with the sale of the Defendant Property, and all payments for such sale shall be made in accordance with the escrow instructions, a full copy of which shall be provided to government counsel.

8. The parties shall execute any and all documents necessary to consummate the sale of the Defendant Property, to convey clear title of the property to the buyers, and to further implement the terms of the aforementioned Stipulation.

9. The Court shall retain jurisdiction over the parties to effectuate the terms of this agreement and resolve any issues or disputes that may arise regarding the sale of the Defendant Property.

10. The deadline to file Plaintiff's briefing regarding potential Eighth Amendment issues is hereby continued pending further order of the Court.

IT IS SO ORDERED.

Dated: _____

THE HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section

 /s/ _____
DAN G. BOYLE
Assistant United States Attorney
Attorneys for Plaintiff
UNITED STATES OF AMERICA